IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY ANN DUNOPE | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 01-2017 |
| WEIRTON STEEL CORPORATION, | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

On October 26, 2001, Plaintiff Mary Ann Dunope, represented by attorney John A. Lee, Esq., filed a Complaint against her former employer and defendant Weirton Steel Corporation, alleging violations of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* On April 30, 2003, defendant filed a Motion for Summary Judgment, which we never decided because on June 5, 2003, while this action was pending, Defendant filed a Suggestion of Bankruptcy (Doc. 11), noting that on May 19, 2003, defendant had filed a voluntary petition for relief under Title 11 of the United States Code, §101 *et seq.* in the United States Bankruptcy Court for the Northern District of West Virginia ("the bankruptcy court"). By operation of law, this case was stayed. On November 16, 2004, we ordered that the Clerk of Court mark this case as closed. Plaintiff has recently filed her own motion for summary judgment on August 19, 2011 (Doc. 13) in which she requeste judgment against Weirton based on the allegations in her 2001 complaint.

After the automatic stay was lifted and on Dunope's motion, this action was reinstated on August 19, 2011. Dunope then filed her Motion to Substitute (Doc. 21) so that she can pursue this action against ArcelorMittal, Weirton's alleged successor. Fed. R. Civ. P. 15(a) and 25(c).

1

After service of the Motion to Substitute Defendant was made on the requested party, on January 23, 2012, counsel for ArcelorMittal USA, LLC and ArcelorMittal Weirton, LLC (collectively, "ArcelorMittal") sent a response to the Motion for Substitution to the undersigned in the form of a ten page letter, with attachments. We attach said Response as Exhibit A to this Memorandum Order. It was not filed with the Court because ArcelorMittal is a non-party.

By way of further background, we note that on April 22, 2004, the bankruptcy court entered an order which approved the sale of assets to ISG Weirton Inc., a wholly owned affiliate of International Steel Group Inc. The Liquidating Trustee filed objections to claims, and Ms. Dunope's claim appears under the title of proposed "meritless litigation claims to be disallowed." (Doc. 3078-3 at Bankruptcy No. 5:03-bk-1802, Exhibit C to the "Weirton Steel Liquidating Trustee's Ninth Omnibus Objection to Claims"). On May 12, 2005, the bankruptcy court entered an "Order Granting Relief from Stay and Plan Injunction as to Claim 2442 filed by Mary Ann Dunope" (Doc. 3253 at Bankruptcy No. 03-BK-1802) (also Doc. 16 at 47-48, herein). In April of 2005, Mittal Steel purchased certain of the ISG entities, and later, merged with Arcelor to form ArcelorMittal.

In its response, ArcelorMittal argues that Dunope's motion should be denied because a bankruptcy court order approving the sale of Weirton's assets to the ISG entities was "free and clear" of all claims and liabilities, including claims by employees and former employees of Weirton. We held a hearing on this matter on this day. After consideration of all the evidence, we agree that ArcelorMittal cannot be held liable for successor liability as a result of the bankruptcy court's order. Thus, Dunope's proposed substitution or amendment would be futile.

We note that on April 22, 2004, United States Bankruptcy Judge L. Edward Friend, II issued an order approving the sale of Weirton's sale of assets to the ISG parties "free and clear"

of all claims and liens, including claims "otherwise arising under doctrines of successor liability." *Order,* ¶ N. Judge Friend further decreed that the buyer "shall not be deemed . . . to . . . be a successor to the Sellers." *Order,* ¶ O. Specifically, the court declared that the ISG parties "would not have entered into the [Asset Purchase] Agreement . . . if the Sale . . . were not . . . free and clear of all interests of any kind or nature whatsoever, or if the ISG Parties would, or in the future could, be liable for any such Interests, including . . . any employment or labor agreements; . . . [or] any other employee . . . related Claim, including . . . any theories of successor liability." *Order,* ¶ P. Numerous other references are made to the fact that the assets were being acquired free and clear of any kind or nature whatsoever. *Order,* page 12 ¶ 7, page 14 ¶ 9, page 15, ¶ 12. The Asset Purchase Agreement contains similar provisions.

The rules require that leave to amend a pleading be freely granted. *Shane v. Fauver,* 213 F.3d 113, 115-17 (3d Cir. 2000); *Berkshire Fashions, Inc. v. M.V. Hakusan II,* 954 F.2d 874, 886-87 (3d Cir. 1992). However, one of the factors to be considered is futility of the amendment. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1982) We find that an amendment or substitution under these circumstances would be futile because the complaint would nonetheless fail to state a claim upon which relief could be granted. *In re Alpharma Sec. Litig.,* 372 F.3d 137, 153 (3d Cir. 2004) (quoting *In re Burlington Coat Factory,* 114 F.3d 1410, 1434 (3d Cir. 1997). The sale of Weirton's assets was pursuant to § 363(f) of the Bankruptcy Code, which permits the sale of property "free and clear of any interest in such property." 11 U.S.C. § 363(f). Although the Bankruptcy Code does not define "interest in such property," the Third Circuit has held that the term includes claims for discrimination in employment. *In re TWA,* 322 F.3d 283, 290 (3d Cir. 2003). Therefore, pursuant to § 363(f), a debtor's assets can be transferred free and clear of such claims. *Id.* at 285.

Dunope's claim for discrimination is an interest in property within the meaning of the Bankruptcy Code because it arises from the sale of business assets to ISG and ultimately, ArcelorMittal. *See, id.* at 90; *Faulkner v. Bethlehem Steel / Int'l Steel Group.,* No. 04-34, 2005 WL 1172748, at *3 (N.D. In. April 27, 2005) (plaintiff's race discrimination claim is an "interest in such property" for purposes of § 363(f) because it arose from the sale of the debtor's assets). The Bankruptcy Court's order approving the sale of the Weirton assets "free and clear" of successor liability precludes Dunope from asserting her discrimination claim against ArcelorMittal, rendering her proposed substitution futile. Thus, we shall deny the motion.

AND NOW, to-wit, this 2nd day of February, 2012, IT IS HEREBY ORDERED THAT Plaintiff's Motion to Substitute Defendant (Doc. 21) be and the same is hereby DENIED.

Hon. Maurice B. Cohill, Jr.
United States District Court Judge

cc: Mary Ann Dunope (w/o Exhibit A)
P.O. Box 23
Follansbee, WV 26037

Carl H. Hellerstedt, Jr., Esq. (w/o Exhibit A)

Ryan J. Siciliano, Esq. (w/o Exhibit A)
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15210